

Marc Willick, CA Bar No. 175379
**SIMON GREENSTONE PANATIER, PC**
3760 Kilroy Airport Way, Suite 680
Long Beach, California 90806
Telephone: (562) 590-3400
Facsimile: (562) 590-3412
E-mail: mwillick@sgptrial.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SIDNEY CHEEK**,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>**ADMIRAL VALVE LLC**, *et al*.,<br><br>　　　　　　Defendants. | Case No. 3:22-cv-06630-AMO<br><br>[Removed on 10-27-22 from the Superior Court of California, County of Alameda, Case No. 22CV018248]<br><br>Assigned for all purposes to:<br>The Honorable Araceli Martinez-Olguin<br>Courtroom 10<br><br>**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Action Filed: September 20, 2022<br>Trial Date:　　April 22, 2024 |

Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 26(f), Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statements, the parties hereby submit the following Joint Case Management Statement. The Meeting of Counsel was held on May 26, 2023.

**1.　　Jurisdiction and Service:**

Defendants Lockheed Martin Corporation and ASCO LP removed this action

from the Superior Court of the State of California for the County of Alameda under 28 USC sections 1442(a)(1) and 1446 and contend that this Court has subject matter jurisdiction over this case because the claims allegedly involve persons acting under the authority of an officer or agency of the United States. 28 U.S.C. § 1442. This Court also has supplemental jurisdiction over related state law claims. 28 U.S.C. § 1367.

2. **Facts:**

a. **Plaintiff's Claims:**

Plaintiff claims injuries and damages as a result of Sidney Cheek's diagnosis of mesothelioma. Sidney Cheek was diagnosed with mesothelioma on March 18, 2022. Mr. Cheek's mesothelioma was caused by his exposure to asbestos by Defendants, including but not limited to, his exposure to Defendants' asbestos-containing products while serving in the United States Navy and during his use of Talc products containing undisclosed asbestos. Mr. Cheek served in the Navy from approximately May 1974 – January 1995, he was a weapons officer with both hands-on work on missiles and weapons systems aboard nuclear submarines, and a supervising bystander to the work of other sailors maintaining and repairing shipboard equipment. He also personally used talcum powder foot and hygiene products from approximately 1970s-2000s.

Plaintiff claims Defendants have committed negligence, are strictly liable (consumer expectation, risk/benefit, and failure to warn), and that the talc product defendants committed fraud (misrepresentation, concealment/non-disclosure, and conspiracy).

b. **Defendants' Claims and Defenses:**

Defendants have various defenses but, generally, defendants deny Plaintiffs' allegations. Defendants further contend that other entities not parties to the action may have been responsible for Plaintiff's inhalation and retention of asbestos fibers. Certain of the defendants contend that they were acting under the authority, direction,

approval, and control of a federal officer or agency of the United States and have no liability for Plaintiffs' claims based upon the government contractor and/or derivative sovereign immunity defenses. Defendants may also assert jurisdictional claims.

**3. Legal Issues:**

  **a. Plaintiffs:**

  i. Whether Defendants designed, manufactured, sold, or supplied raw asbestos, products, equipment, components, parts and/or materials designed to be used with asbestos, and asbestos containing-products the Plaintiff worked with or around that increased his risk of cancer.

  ii. Whether any product, equipment, components, parts and/or materials at issue was defective in design and/or manufacture at the time it left a Defendant's control.

  iii. Whether Defendants are liable for any failure to warn of the hazards from working with or around asbestos-containing products, equipment, components, parts and/or materials.

  iv. Whether any of the Defendants are liable under a strict liability theory of recovery.

  v. Whether any of the Defendants are liable under a negligence theory of recovery.

  vi. Whether any of the Talc Defendants are liable under fraud theories of liability.

  vii. Whether Plaintiff is entitled to the damages he seeks.

  **b. Defendants:**

  Defendants assert that the principal legal issues are:

  i. Whether Plaintiff encountered Defendants' products;

  ii. Whether Defendants' products encountered by Plaintiff contained asbestos;

  iii. Whether Defendants had a duty to Plaintiff;

|   |       |                                                                                                   |
|---|-------|---------------------------------------------------------------------------------------------------|
|   | iv.   | Which asbestos-containing products Plaintiff worked with or around resulting in his alleged inhalation and retention of asbestos fibers; |
|   | v.    | Other sources of asbestos that Plaintiff may have inhaled and retained; |
|   | vi.   | Plaintiff's diagnosis; |
|   | vii.  | Whether Plaintiff's medical condition was caused by asbestos; |
|   | viii. | Other potential causes of mesothelioma; |
|   | ix.   | Some Defendants may argue for the application of Federal Maritime law; |
|   | x.    | The government contractor and/or derivative sovereign immunity defenses; and |
|   | xi.   | Damages. |

**4.     Motions:**

There are no pending motions.  The parties anticipate the use of discovery motions only as necessary to obtain responsive discovery, sufficient time to depose witnesses, and possibly regarding whether a document is appropriately designated as protected pursuant to a stipulated protective order.  Plaintiff anticipates moving to exclude witnesses and documents not disclosed by defendants in their FRCP Rule 26(a) initial disclosures.

The defendants anticipate filing motions for summary adjudication of issues and/or summary judgment and administrative motions to file documents under seal.

Plaintiff, if discovery and law indicate, may file motions for summary adjudication of issues.

Defendants anticipate filing a motion for bifurcation of punitive damages, if warranted.

All parties anticipate motions *in limine*.

///

///

///

**5.     Amendment of Pleadings:**

The parties do not presently anticipate motions seeking to add other parties or claims, or to file amended pleadings. Plaintiff anticipates further resolution and dismissal of defendants.

**6.     Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the ESI Guidelines and confirm that they have met and conferred pursuant to FRCP 26(f) and agree to reasonable and proportionate steps to preserve evidence relevant to the issues reasonably at stake in this action.

**7.     Disclosures:**

The parties timely exchanged initial disclosures pursuant to FRCP 26(f).

**8.     Discovery:**

<u>Plaintiff's Deposition</u>:

Plaintiff's video-recorded deposition was taken from March 2 – 14, 2023 and concluded.

<u>Protective Order</u>:

The parties are stipulating to an appropriate protective order for discovery of documents and information that is controlled by the U.S. Arms Export Control Act. The terms of the proposed stipulation and protective order are anticipated to be agreed upon by the parties without the need for judicial assistance.

<u>Stipulated Copy Service</u>:

The parties stipulated to the use of and request that this Court, as part of its Scheduling Order, authorize the continued use of copy service RecordTrak utilizing the "first-look" procedure used in Alameda asbestos cases for retrieval of personal records. Under that procedure and as more fully agreed to here, Plaintiff has seven calendar days from the date records are received from RecordTrak pursuant to authorization to review the records and determine in good faith that any part of the records are privileged based upon any privacy objection or then-existing privilege

under State and/or Federal Law and serve Notice of Redacted Records and an appropriate Privilege Log enabling Defendants to assess the claim of privilege or protection to all parties and to RecordTrak within seven days. If no such notice is received by Defendants and RecordTrak in seven days, RecordTrak is then authorized to release the documents to Defendants.

Plaintiff provided authorizations to RecordTrak for the release of documents to Defendants pursuant to the above procedure. Should additional authorizations or information be necessary for RecordTrak to obtain relevant materials in this case, Plaintiff agrees to cooperate with any reasonable request.

Plaintiff's Discovery:

Plaintiff served verified responses to Alameda Asbestos General Order Standard Interrogatories, authorized retrieval of all medical, union, employment, social security, military, VA, Medicare and EDD records, and produced all such records already in Plaintiff's possession. Plaintiff also produced Naval Archive records in plaintiff's possession. Plaintiff sat for a deposition and the parties stipulated that defendants had 14 hours to cross examine.

Plaintiff anticipates that evidence he will seek in discovery will include testimony and depositions of Plaintiff, Sidney Cheek's family members, shipmates of Mr. Cheek, experts, medical professionals and providers, and Defendants' corporate representatives and documents regarding the products at issue. Plaintiff further anticipates that evidence will include his applicable medical records, military and employment records. For the talc defendants, evidence may include samples of products and/or packaging and expert testing. Plaintiff further anticipates that evidence will include documents and records of contracts for sale and purchase, and invoices and receipts for sale and purchase related to defendants' products. Plaintiff believes these documents may also contain the identity of persons knowledgeable regarding Defendants' asbestos-containing products. Plaintiffs also identify Defendants' various Answer to the Complaint, as well as their responses to discovery

propounded to Defendants in this and prior litigation, which are within Defendants' possession, custody or control. Plaintiff propounded written discovery and is seeking the depositions of some defendants.

<u>Defendants' Discovery</u>:

Defendants will retrieve Plaintiff's medical, military, social security, workers' compensation case, bankruptcy trust, and employment records via authorization through RecordTrak. Defendants will conduct written discovery and take the deposition of any product-identification or fact witnesses identified by Plaintiff. In addition, Defendants may need to depose treating physicians and review and/or test any pathology material taken from Plaintiff for purposes of diagnosis, treatment, and prognosis.

**9.     Class Actions:**

This is not a class action.

**10.    Related Cases:**

This case was removed twice, resulting in two District Court case numbers and assigned judges. The cases were consolidated into this, the lower numbered action, prior to transfer to the instant department.

**11.    Relief:**

Plaintiff seeks personal injury damages arising from the development of his mesothelioma that he alleges was caused by exposure to asbestos through Defendants' asbestos containing products and activities. Economic damages will be calculated of Mr. Cheek's lost income, lost earning potential, loss of value of household services, medical bills, and related expenses arising from his diagnosis of mesothelioma by an economist's evaluation, as well proving up the total of the medical bills, including adjusting for agreed to and accepted full payments where so limited by insurer, medicare, VA or other payor and accepted as payment in full by the provider, as well as co-pays and out of pocket expenses. Plaintiff also seeks non-economic damages

of pain and suffering resulting from his incurable terminal cancer. Plaintiff also claims punitive damages.

**12.    Settlement and ADR:**

Plaintiff's Position:

Plaintiff filed an ADR certification that he intends to stipulate to an ADR process, and would request a settlement conference to be set at the close of discovery before a judge assigned to the case for such settlement proceedings. Discovery of the plaintiff's deposition and full and fair document production and depositions of defendants are the key discovery events for plaintiff for this case to resolve short of trial. Plaintiff and defense counsel for several defendants are discussing potential resolution to reduce the number of defendants. The parties agree that this case is not amenable to mediation or arbitration.

Defendants' Position:

Defendants have filed an ADR Certification opting to discuss an ADR selection with the Court at the case management conference.

The key discovery and motion necessary to negotiate a resolution are: 1) completion of all product-identification witness depositions; 2) verified special discovery responses from Plaintiff; and 3) the filing of Defendants' motion for summary judgment/adjudication.

The date by which an ADR conference can be completed: November 16, 2023.

**13.    Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues:**

The parties are unaware of issues that can be narrowed prior to the close of discovery. Defendants may request bifurcation on the issue of punitive damages, if applicable.

**15. Expedited Trial Procedure:**

This case is not suitable for an Expedited Trial Procedure.

**16. Scheduling:**

The operative Scheduling Order issued by Judge Donato is attached as Exhibit A.

**17. Trial:**

All parties request a jury trial.

The parties estimate 15-20 days of trial, excluding deliberations. Plaintiff anticipates calling 7 to 12 witnesses, depending on which defendants remain at trial. Defendants estimate calling 5 witnesses each, depending on which defendants remain at trial and which experts are jointly retained.

**18. Disclosure of Non-party Interested Entities or Persons:**

- Plaintiff: Other than medical insurance liens, Plaintiff is unaware of a person, firm, partnership, corporation or other entity to has a financial interest in this lawsuit that may be substantially affected by the outcome of the proceeding.

Defendants have filed the Certification of Interested Entities or Persons as referenced below:

- ASCO, LP: *See* ECF Doc. 197. Dismissal Pending
- ASCO Power Technologies, LP *See* ECF Doc. 198. Dismissal Pending
- Carver Pump Company: *See* ECF Doc. 37.
- Chattem Inc.: *See* ECF Doc. 49.
- Cla-Val Company: *See* ECF Doc. 15.
- Crown Laboratories, Inc. – Dismissal Pending
- Curtiss-Wright Corporation: *See* ECF Doc. 249.
- Curtiss-Wright Flow Control Corporation: *See* ECF Doc. 70.
- DeZurik, Inc.: *See* ECF Doc. 52.
- Eaton Corporation: *See* ECF No. 47.

- General Electric Company: *See* ECF Doc. 80.
- Glaxosmithkline LLC – Dismissal Pending
- The Gorman-Rupp Company: *See* ECF Doc. 136. Dismissal Pending
- GSK Consumer Health, Inc. – Dismissal Pending
- IMO Industries, Inc.: *See* ECF Doc. 46. Dismissal Pending
- J.T. Thorpe & Son, Inc.: *See* ECF Doc. 95.
- Lockheed Martin Corporation: *See* ECF Doc. 2.
- Milwaukee Valve Company, Inc.: *See* ECF Doc. 125.
- Novartis Corporation: *See* ECF Doc. __.
- Redco Corporation: *See* ECF Doc. 16. Dismissal Pending
- Robertshaw Controls Company: *See* ECF Doc. 29.
- Sanofi-Aventis U.S. LLC: *See* ECF Doc. 112.
- Sargent Aerospace & Defense, LLC: *See* ECF Doc. 64.
- Spence Engineering Company: *See* ECF Doc. 60 Dismissal Pending
- Spirax Sarco, Inc.: *See* ECF Doc. 196. Dismissal Pending
- Tate Andale, LLC: *See* ECF Doc. 156. Dismissal Pending
- Valves And Controls Us, Inc.: *See* ECF Doc. 194. Dismissal Pending
- Viking Pump, Inc.: *See* ECF Doc. __.
- Warren Pumps LLC: *See* ECF Doc. 22. Dismissal Pending
- William Powell Company: *See* ECF Doc. 55.

  **17. Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District.

  **18. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

The parties stipulated pursuant to FRCP 5(b)(2)(E) to use File&ServeXpress for the electronic service of documents in this action that are not required to be filed

on ECF.

    The filing counsel attests that each of the other Signatories have concurred in the filing of this document.

DATED:  May 31, 2023        SIMON GREENSTONE PANATIER, PC

By: */s/ Marc Willick*
    Marc Willick
    Attorneys for Plaintiff

DATED:  May 31, 2023        GLAZIER LEE LLP

By: */s/ Deborah Parker*
    Deborah Parker
    Attorneys for Defendant LOCKHEED MARTIN CORPORATION

DATED:  May 31, 2023        BERKES CRANE SANTANA & SPANGLER LLP

By: */s/ K. Lynn Finateri Silbiger*
    Robert H. Berkes
    K. Lynn Finateri Silbiger
    Davit Shanto
    Attorneys for Defendant CARVER PUMP COMPANY

DATED:  May 31, 2023        GORDON & REES SCULLY MANSUKHANI, LLP

By: */s/ Theodore C. Yarbrough*
    William L. Coggshall
    Jacqueline Dubois
    Theodore C. Yarbrough
    Attorneys for Defendant CHATTEM, INC. a subsidiary of SANOFI-AVENTIS U.S. LLC, sued individually and as successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY

DATED: May 31, 2023    PALMIERI, TYLER, WIENER, WILHELM & WALDRON, LLP

                                        By: */s/ John R. Lister*
                                                 John R. Lister
                                                 Attorneys for Defendant CLA-VAL CO.

DATED: May 31, 2023    CLYDE & CO US LLP

                                        By: */s/ Sheryl Rosenberg*
                                                 Sheryl Rosenberg
                                                 Attorneys for Defendant CURTISS WRIGHT FLOW CONTROL CORPORATION f/k/a TARGET ROCK CORPORATION and CURTISS-WRIGHT CORPORATION

DATED: May 31, 2023    CMBG3 LAW P.C.

                                        By: */s/ Gilliam F. Stewart*
                                                 Tina Yim
                                                 Gilliam F. Stewart
                                                 Danny S. Kim
                                                 Attorneys for Defendant DEZURIK, INC.

DATED: May 31, 2023    HUGO PARKER LLP

                                        By: */s/ Bina Ghanaat*
                                                 Edward Hugo
                                                 Bina Ghanaat
                                                 Attorneys for Defendant EATON CORPORATION

DATED: May 31, 2023    WFBM, LLP

                                        By: _____
                                                 Charles T. Sheldon
                                                 Derek S. Johnson
                                                 Katherine P. Gardiner
                                                 Emily E. Anselmo

|   |   |   |
|---|---|---|
|   |   | Attorneys for Defendant GENERAL ELECTRIC COMPANY |
| DATED: | May 31, 2023 | BERKES CRANE SANTANA & SPANGLER LLP |
|   |   | By: */s/ Viiu Spangler*<br>    Viiu Spangler<br>    Steve S. Spaulding<br>    Attorneys for Defendant J.T. THORPE & SON, INC. |
| DATED: | May 31, 2023 | SELMAN BREITMAN LLP |
|   |   | By: _____<br>    Mark A. Love<br>    Richard M. Lee<br>    Attorneys for Defendant MILWAUKEE VALVE COMPANY, LLC f/k/a MILWAUKEE VALVE COMPANY, INC. |
| DATED: | May 31, 2023 | GORDON & REES SCULLY MANSUKHANI, LLP |
|   |   | By: */s/ Theodore C. Yarbrough*<br>    William L. Coggshall<br>    Jacqueline Dubois<br>    Theodore C. Yarbrough<br>    Attorneys for Defendant SANOFI-AVENTIS U.S. LLC sued individually and as successor-by-merger to AVENTIS PHARMACEUTICALS INC. |
| DATED: | May 31, 2023 | TUCKER ELLIS LLP |
|   |   | By: */s/ James P. Cunningham*<br>    James P. Cunningham<br>    Seema N. Kadaba<br>    Attorneys for Defendant SARGENT AEROSPACE & DEFENSE, LLC f/k/a SARGENT ENGINEERING COMPANY |

| | | |
|---|---|---|
| 1 | DATED: May 31, 2023 | GORDON REES SCULLY MANSUKHANI, LLP |
| 2 | | |
| 3 | | By: /s/ *Michael J. Pietrykowski* |
| 4 | | Michael J. Pietrykowski |
| 5 | | Glen R. Powell |
| 6 | | Attorneys for Defendant VELAN VALVE CORP. a/k/a VELAN VALVE CORPORATION |
| 7 | DATED: May 31, 2023 | GOLDBERG SEGALLA LLP |
| 8 | | |
| 9 | | By: /s/ *Peter K. Renstrom* |
| 10 | | Peter K. Renstrom |
| 11 | | Todd M. Thacker |
| | | Attorneys for Defendant VIKING PUMP, INC. |
| 12 | DATED: May 31, 2023 | CMBG3 LAW P.C. |
| 13 | | |
| 14 | | By: /s/ *Gilliam F. Stewart* |
| 15 | | Christine D. Calareso |
| 16 | | Gilliam F. Stewart |
| | | Danny S. Kim |
| 17 | | Attorneys for Defendant THE WILLIAM POWELL COMPANY |

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY CHEEK,<br><br>    Plaintiff,<br><br>    v.<br><br>LOCKHEED MARTIN CORPORATION, et al.,<br><br>    Defendants. | Case No.  3:22-cv-06630-JD<br><br>**SCHEDULING ORDER** |

The Court sets the following case management deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10. The parties are advised to review and comply with the Court's Standing Order for Civil Cases, Standing Order for Discovery in Civil Cases, and Standing Order for Civil Jury Trials.

| Event | Deadline |
|---|---|
| Add parties or amend pleadings (with the Court's leave, unless permitted as a matter of right under the Fed. R. Civ. P.) | March 31, 2023 |
| Fact discovery cut-off | August 3, 2023 |
| Expert disclosures | August 24, 2023 |
| Rebuttal expert disclosures | September 21, 2023 |
| Expert discovery cut-off | October 19, 2023 |
| Last day to file dispositive and *Daubert* motions | November 9, 2023 |
| Pretrial conference | April 4, 2024, at 1:30 p.m. |
| Jury Trial | April 22, 2024, at 9 a.m. |

All dates set by the Court should be regarded as firm. Counsel may not modify these dates by stipulation without leave of court. Requests for continuances are disfavored, and scheduling conflicts that are created subsequent to the date of this order by any party, counsel or party-controlled expert or witness will not be considered good cause for a continuance. Sanctions may issue for a failure to follow a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(C).

**IT IS SO ORDERED.**

Dated: February 6, 2023

_____
JAMES DONATO
United States District Judge

**PROOF OF SERVICE**

STATE OF CALIFORNIA  )
                     )
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 3780 Kilroy Airport Way, Suite 540, Long Beach, California. I am employed in Los Angeles County, California.

    On the date set forth below, I served the foregoing document(s) described as:

**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT; ]Proposed] ORDER**

    On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

**SEE CM/ECF SERVICE LIST**

    **[XX] BY E-SERVICE:** I certify that a copy of the document was filed & served on the CM/ECF system for the same day delivery to the offices of the addressee(s) per CM/ECF system Service List.

    **[] BY E-SERVICE:** I caused such document to be transmitted by electronic service via File & ServeXpress for the same day delivery to the offices of the addressee(s).

    **[XX] [FEDERAL]:** I declare under penalty of perjury, under the laws of the United States of America and the State of California that the above is true and correct.

    Executed this 31st day of May, 2023 at Long Beach, California.

_____
Stephanie Sanchez